UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Case No. _____

John Nesse and Tim Mackey as Trustees of the Minnesota Laborers Health and Welfare Fund, Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Pension Fund, Tammy Braastad and Tim Mackey as Trustees of the Minnesota Laborers Vacation Fund, Fred Chase and Joe Fowler as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Mark Ryan and Dave Borst as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust,

**COMPLAINT**

Plaintiffs,

vs.

Wenrich PD Construction, LLC,

Defendant

Plaintiffs, as their Complaint against the Defendant state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota

1

and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq. The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant Wenrich PD Construction, LLC is a Minnesota limited liability company ("Wenrich PD Construction") with a registered address of 2415 Annapolis Lane, #130 Plymouth, MN 55441. Wenrich PD Construction is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5. The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTS

6. The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7. Since May 22, 2015, Wenrich PD Construction has been bound to the terms of a collective bargaining agreement negotiated between the Metropolitan Builders Division of Associated General Contractors of Minnesota, the Minnesota Concrete and Masonry Contractors Association, the Minnesota Drywall and Plaster Association and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated local Unions with a term of May 8, 2013 through April 30, 2016 ("Collective Bargaining Agreement").

8. Wenrich PD Construction was bound to the Collective Bargaining Agreement through at least April 30, 2017.

9. The Collective Bargaining Agreement provides that Wenrich PD Construction is bound to the Trust Agreement for each of the following: the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.

10. The Collective Bargaining Agreement requires Wenrich PD Construction to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

11. The Collective Bargaining Agreement requires Wenrich PD Construction to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Wenrich PD Construction's monthly payment to the Funds.

12. The Collective Bargaining Agreement states that Wenrich PD Construction shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

13. The Collective Bargaining Agreement requires Wenrich PD Construction to maintain adequate records to identify the type of work being performed by its employees to allow the Funds to determine whether Wenrich PD Construction is accurately reporting hours to the Funds. If Wenrich PD Construction fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Wenrich PD Construction is liable for all of the hours worked by that individual for whom Wenrich PD Construction is unable to produce satisfactory records verifying the type of work being performed by that individual.

14. Independent of the Collective Bargaining Agreement, 29 U.S.C. § 1059 requires employers such as Wenrich PD Construction to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

15. If Wenrich PD Construction fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Wenrich PD Construction is liable for all of the hours worked by that individual for whom

Wenrich PD Construction is unable to produce satisfactory records verifying the type of work being performed by that individual.

16.     The Collective Bargaining Agreement further requires Wenrich PD Construction to promptly furnish to the Trustees of the Funds or their authorized agents on demand federal forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or such similar state required quarterly reports, time cards, payroll and check registers and any other relevant information that may be required in connection with the administration of the Funds.

17.     The Collective Bargaining Agreement states that if Wenrich PD Construction fails or refuse to furnish any of their records to the Trustees of the Funds or their authorized agents upon demand or refuse to afford the Trustees of the Funds or their authorized agents reasonable opportunity to examine the same in accordance with standard auditing procedures, the Trustees of the Fund may enforce such right by legal action, in which event all attorney fees, services fees, filing fees, court reporter fees, and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting the audit shall be paid by Wenrich PD Construction.

18.     The Collective Bargaining Agreement states that if Wenrich PD Construction becomes delinquent, Wenrich PD Construction shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

19. The Collective Bargaining Agreement states that if Wenrich PD Construction becomes delinquent, Wenrich PD Construction shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

20. The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## COUNT I
## BREACH OF CONTRACT/AUDIT AMOUNT DUE

21. The Funds re-allege and incorporate by reference paragraphs 1-20 herein.

22. The Funds' authorized agent requested that Wenrich PD Construction produce a complete set of its payroll and employment records as specified in the Collective Bargaining Agreement and Trust Agreements for the period of June 1, 2015 through December 31, 2016 ("Audit Period").

23. Wenrich PD Construction produced its payroll and employment records for the Audit Period and the Funds' authorized agent determined there were hours worked by Wenrich PD Construction's employees covered by the Collective Bargaining Agreement for which Wenrich PD Construction did not submit contributions to the Funds.

24. The Funds' authorized agent prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period and determined that $67,558.73 is due and owing for delinquent contributions.

25. Wenrich PD Construction breached the terms of the Collective Bargaining Agreement and Trust Agreements by failing to pay the amount due for delinquent contributions for the Audit Period.

26. Wenrich PD Construction is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by all of their employees for whom Wenrich PD Construction is unable to produce satisfactory records verifying the type of work performed by any such individuals.

27. Pursuant to the Collective Bargaining Agreement and Trust Agreements, Wenrich PD Construction is liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting such audit.

28. Wenrich PD Construction is liable to the Funds for liquidated damages and interest charges on the unpaid contributions for the Audit Period pursuant to the Collective Bargaining Agreement and Trust Agreements.

## COUNT II
## ERISA DAMAGES

29. The Funds re-allege and incorporate by reference paragraphs 1-28 herein.

30. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

31. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

32. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant Wenrich PD Construction, LLC as follows:

1. For judgment in the amount of $67,558.73 for unpaid contributions for the Audit Period.

2. For an award of liquidated damages and interest charges or double interest charges on all unpaid contributions.

3. For an award of costs, disbursements and attorneys' fees according to law.

4. Such other and future relief as the Court deems just, equitable or proper.

Dated: May 17, 2018        McGRANN SHEA CARNIVAL STRAUGHN
                                                       & LAMB, CHARTERED

By _____
Carl S. Wosmek (Atty. No. 300731)
Amy L. Court (Atty. No. 319004)
Christy E. Lawrie (Atty. No. 388832)
800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 338-2525
csw@mcgrannshea.com
alc@mcgrannshea.com
cel@mcgrannshea.com

*Attorneys for Plaintiffs*

1084351.DOCX